UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT TOWNSEND,

        Petitioner,        Case Number: 04-CV-74846

v.

DOUG VASBINDER,

        Respondent.
_____/

**OPINION AND ORDER DENYING RESPONDENT'S "MOTION TO DISMISS
OR TO TRANSFER JURISDICTION" WITHOUT PREJUDICE**

Petitioner Robert Townsend, a state inmate currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a 1968 second-degree murder conviction, for which he was sentenced to life imprisonment. Respondent has filed a "Motion to Dismiss or to Transfer Jurisdiction" on the grounds that the petition is both untimely and a second or successive habeas petition.

The court first considers Respondent's argument that the petition is a second or successive habeas petition which must be transferred to the Sixth Circuit Court of Appeals. According to Respondent, Petitioner has filed two previous habeas corpus petitions challenging his second-degree murder conviction which were denied on the merits. *See* Respondent's Motion to Dismiss, p. 2. Respondent argues that the pending petition, therefore, is Petitioner's third habeas corpus petition and, as such, it must be transferred to the Sixth Circuit Court of Appeals. A petitioner must obtain

permission from the Sixth Circuit Court of Appeals prior to filing a second or successive habeas corpus petition.  28 U.S.C. § 2244(b)(3)(A).

Petitioner presents five claims for habeas corpus relief.  In the first four claims, Petitioner challenges the Parole Board's denial of Petitioner's release on parole, most recently on April 10, 2003.  In the fifth claim, he argues that his sentence was based upon inaccurate information.  Petitioner's first four claims are not second or successive claims requiring prior authorization from the Court of Appeals because they challenge the denial of parole, which was not challenged in his prior petitions, rather than the validity of Petitioner's conviction.  See Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003); Hill v. Alaska, 297 F.3d 895, 899 (9th Cir. 2002); Crouch v. Norris, 251 F.3d 720, 724 (8th Cir. 2001).  Petitioner's fifth claim, however, challenges the sentence rendered at the time of his conviction.  That claim could have been presented in the earlier habeas petitions and goes to the validity of his judgment of conviction. Accordingly, that claim requires authorization from the court of appeals before this court may address it.

The instant petition, therefore, is a mixed petition containing claims properly before the court and a claim which the court may not consider without authorization by the court of appeals.  The court will allow Petitioner to decide in what manner he wishes to proceed.  Petitioner may choose to proceed with the petition in its current form, in which case the court will transfer the petition to the Sixth Circuit Court of Appeals so that Petitioner may seek authorization from the court of appeals for his "successive" claim.  In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).  If Petitioner does not wish to proceed with this "successive" claim, he may amend his petition to delete that claim.

Petitioner must notify the court by October 3, 2005, which option he chooses.  *Accord* Pennington v. Norris, 257 F.3d 857 (8th Cir. 2001) (providing petitioner option of seeking authorization from court of appeals for successive claims or amending petition to delete successive claims).

Respondent also argues that the pending petition is untimely.  Respondent's argument is based upon the premise that Petitioner challenges only his 1968 conviction.  But, as discussed, Petitioner also challenges the parole board's denial of parole.  The court declines to address the timeliness of Petitioner's sentencing claim at this time because Petitioner may choose to amend his petition to delete that claim.  Respondent has not argued that the parole-related claims are untimely.

Accordingly, IT IS ORDERED that Petitioner's "Motion to Dismiss or to Transfer Jurisdiction" [Dkt. #11] is DENIED WITHOUT PREJUDICE.  Respondent may renew his Motion after Petitioner informs the court whether he wishes to proceed on all five claims or to amend his petition.  Petitioner must inform the court whether he would like to proceed on all five claims or he must amend his petition to delete the successive claim on or before **October 3, 2005**.  If Petitioner fails to so inform the court, the court will assume he wishes to proceed on all five claims.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  September 15, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 15, 2005, by electronic and/or ordinary mail.

S/Lisa G. Wagner

Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Even Orders\04-74846.TOWNSEND.mbc.DenyMotionDismiss.MixedSuccessive.wpd