**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT TOWNSEND,

        Petitioner,

v.                                 Case Number: 04-74846

DOUGLAS VASBINDER,

        Respondent.

_____/

### OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY

Petitioner Robert Townsend filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a 1968 second-degree murder conviction, for which he was sentenced to life imprisonment. On December 19, 2007, the court dismissed all but one of Petitioner's claims because they were duplicative of claims raised in a class-action lawsuit pending before another judge in this district. (*See* 12/19/07 "Order Dismissing Petition in Part and Directing Petitioner to Show Cause Why Remaining Claim Should Not Be Denied" ("Show Cause Order")). The court also order Petitioner to show cause why his remaining claim regarding resentencing should not be denied. *See id.* After carefully reviewing Petitioner's response and Respondent's reply, the court denied Petitioner's final claim and dismissed the petition. (*See* 4/30/08 "Opinion and Order Denying Petition for Writ of Habeas Corpus"). Petitioner has now filed a Notice of Appeal. Thus, the court must determine whether Petitioner is entitled to a certificate of appealability (COA). *See Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (holding that "a district

1

judge must issue or deny a COA if an applicant files a notice of appeal" without awaiting the filing of an application for a certificate of appealability).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must "show . . . that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

In the petition, Petitioner argued that changes in Michigan's parole regime from 1992 to present have: (i) significantly altered his chances of being released on parole, thereby retroactively increasing his punishment in violation of the *Ex Post Facto* Clause; and (ii) violated his rights under the Due Process Clause because he was sentenced based upon inaccurate information where the sentencing judge believed he would serve less time in prison under a life sentence than a long indeterminate sentence. The court determined that these claims were identical to those presented in a class-action complaint pending before the Honorable Marianne O. Battani. *See Foster-Bey v. Rubitschun*, No. 05-71318. The court, therefore, dismissed Petitioner's *ex post facto* and due process claims because they were duplicative of and subsumed by the claims asserted in the class action.[1] *See* Show Cause Order at 5-7.

The court separately considered Petitioner's non-duplicative claim for relief, that

---

[1] The court held that this conclusion was not altered by the fact that the two matters were filed under different statutory authority (the class action was filed under 42 U.S.C. § 1983, and the habeas petition was filed under 28 U.S.C. § 2254). *See* Show Cause Order at 6.

he should be resentenced.  In the class-action lawsuit, Judge Battani held that post-1992 changes to Michigan's parole scheme violated the *Ex Post Facto* Clause (*See* 10/23/07 Opinion and Order (Battani, J.)).  Petitioner argued that, based upon the finding in the class-action proceeding regarding an *ex post facto* violation, he should be resentenced in accordance with what he characterized as the sentencing judge's original intent.[2]  The court held that Petitioner failed to show entitlement to relief under § 2254, which imposes a different and more restrictive standard of review than that imposed by § 1983.  Moreover, the court concluded that, even if Petitioner could establish that he was entitled to relief under § 2254, resentencing was not appropriate. The argument and evidence presented by Petitioner in support of his claim for resentencing showed only that the sentencing judge intended Petitioner to be eligible for parole after serving ten years, not that he necessarily be released on parole at that time. In addition, Petitioner's conduct while incarcerated, he received approximately fifty misconduct tickets over a three-year period, does not obviously support his release on parole.  Therefore, the court denied Petitioner's request for resentencing.

The court concludes that reasonable jurists would not debate the court's conclusion that the petition did not present any claims upon which habeas relief may be granted.  Therefore, IT IS ORDERED that a certificate of appealability is DENIED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 13, 2008

---

[2]  Petitioner argued that, although the sentencing judge imposed a sentence of life imprisonment, he intended the sentence to be no more than ten to twelve years.

3

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 13, 2008, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\04-74846.TOWNSEND.coa.MBC.wpd